UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

679637 ONTARIO LTD.,

                    Plaintiff,                                  Case Number 16-12866

v.                                                  Honorable David M. Lawson

ALPINE SIGN & PRINTER SUPPLY, INC.
and MARABU NORTH AMERICA, L.P.,

                    Defendants.

_____/

**<u>OPINION AND ORDER DENYING DEFENDANT ALPINE'S MOTION TO DISMISS</u>**

Plaintiff 679637 Ontario Ltd., a Canadian corporation, alleged in a complaint filed in this Court that a product distributed by defendant Alpine Sign & Printer Supply, Inc., a Michigan corporation, and used for laminating the truck tarpaulin advertising banners it produces, was defective. Defendant Alpine has moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss the case, arguing that a provision in the sales contract requires the parties to litigate their dispute in a court in Ingham County, Michigan. The question presented by the defendant's motion is whether the following contract term requires that the lawsuit brought in this Court be dismissed under Rule 12(b)(3): "The parties irrevocably submit to the jurisdiction of any Michigan District or Circuit Court with venue in Ingham County, Michigan, in any action arising out of this contract." The clear answer to that question is "no." Oral argument is not necessary. *See* E.D. Mich. LR 7.1(f)(2). The motion will be denied.

I.

According to the complaint, the plaintiff's principal place of business is in Windsor, Ontario, and the defendant operates in Wayne County, Michigan, although its main office is in Lansing, Michigan. Since 2007, the plaintiff has been in the business of producing truck tarpaulin advertising

banners, using a large format digital printer and specialized printing and finishing materials.  Until 2010, the plaintiff used a compound made by a company called Neschen to laminate the truck banners to protect them from dirt and wear.  However, in 2010 the formulation of Neschen was changed and the plaintiff found that it no longer was suitable for protecting banners.  The plaintiff then began buying and using "Clear Shield Star 1020 LL," which is a product made by defendant Marabu North America, L.P. and marketed by defendants Marabu and Alpine as suitable for laminating vinyl tarpaulin truck banners such as those that the plaintiff makes.

In 2011, the plaintiff's customers began to complain that within one year of use their truck banners became dirty and could not be cleaned.  When using its previous banner lamination formula, the plaintiff was accustomed to similar banners being usable for at least six years.  As a result of the allegedly defective performance of the Clear Shield product, the plaintiff eventually replaced more than 250 of its customers' banners that had become soiled and unsightly, at a cost of more than $1.4 million, and it also had to replace a large format digital printer at a cost of approximately $500,000.  The complaint raises claims for "defective manufacture," negligence, breach of implied warranty, and unjust enrichment under state law.

As noted above, the sales contract covering the Clear Shield product says that "[t]he parties irrevocably submit to the jurisdiction of any Michigan District or Circuit Court with venue in Ingham County, Michigan, in any action arising out of this contract."  Alpine believes that this provision renders venue in this Court improper, and therefore the case is subject to dismissal under Rule 12(b)(3).  The plaintiff argues that state contract law prohibits parties from contracting for a specific venue.  Neither argument correctly states the applicable law, and both arguments are unpersuasive.  It is apparent, however, that the case is properly filed in this Court.

II.

Defendant Alpine offers a scantily developed argument in its motion, simply citing the forum selection clause and arguing that *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, --- U.S. ---, 134 S. Ct. 568 (2013), mandates dismissal of the complaint, because the parties agreed to litigate in a "Michigan District or Circuit Court with venue in Ingham County, Michigan," and the plaintiff therefore is precluded from filing its complaint anywhere else. Alpine's motion itself cites only Federal Rule of Civil Procedure 12(b)(3) as its procedural basis, although Alpine mentions the doctrine of *forum non conveniens* in its brief. There are several reasons why that argument lacks merit.

*First*, the Supreme Court has explained that Rule 12(b)(3), which, along with 28 U.S.C. § 1406(a), allows "dismissal only when venue is 'wrong' or 'improper,'" is not the appropriate vehicle for a party seeking dismissal of a complaint based on the parties' contractual consent to litigate in an alternative forum. *Atlantic Marine*, 134 S. Ct. at 577. "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in [28 U.S.C.] § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Ibid.*

Under 28 U.S.C. § 1391(b), venue is proper in any federal district in which the defendant resides, where "a substantial part of the events . . . giving rise to the claim occurred," or, as a last resort, where the defendant is subject to personal jurisdiction. There is no dispute that Alpine conducts business in this district and is subject to personal jurisdiction in Wayne County, Michigan. *See* 28 U.S.C. § 102(a). Alpine has not suggested otherwise. Venue is proper in this district, and therefore there is no basis under § 1406(a) or Rule 12(b)(3) to dismiss the case.

*Second*, the defendant has not presented a convincing case that this district is an inconvenient forum for the lawsuit, so as to justify dismissal or transfer of venue under 28 U.S.C. § 1404(a) (which is a "codification of the doctrine of *forum non conveniens*," *Atlantic Marine*, 134 S. Ct. at 580). To succeed on such a motion, the defendant must "establish[] that an adequate alternative forum is available and that the public and private factors enumerated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), demonstrate that the chosen forum is unnecessarily burdensome to a defendant or a district court." *Zions First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523 (6th Cir. 2010). Generally, when ruling on a motion to transfer venue under section 1404(a), "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice'." *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981).

Under *Atlantic Marine*, the presence of a valid forum selection clause alters this approach in three ways. First, the forum selection clause preempts the plaintiff's venue privilege, so that "the plaintiff's choice of forum merits no weight." 134 S. Ct. at 581. Second, because the parties made their choice of forum in their contract in advance of the dispute, the private interest factors are irrelevant to the analysis, because they "must [be] deem[ed] . . . to weigh entirely in favor of the preselected forum." *Ibid.* A court considering a forum selection clause must focus its analysis solely on the public interest factors, but "those factors will rarely defeat a transfer motion." *Id.* at 582. Third, when a party files a lawsuit in a forum other than prescribed by the contract's forum selection clause, in contravention of the contract, the transferor district's choice-of-law rules will

not apply as they otherwise might, which is "a factor that in some circumstances may affect the public interest considerations." *Ibid.*

But when applying this test, district courts must be mindful of the exact terms of the parties' agreement on the choice of forum(s). That leads to the next point.

*Third*, the forum clause in the sales contract does not amount to an agreement choosing an exclusive forum for the resolution of disputes. Before developing this point, the Court pauses to address the plaintiff's argument that *Atlantic Marine* is not applicable. Relying on *Omne Financial, Inc. v. Shacks, Inc.*, 460 Mich. 305, 596 N.W.2d 591 (1999), the plaintiff contends that although Michigan law allows parties to agree contractually to submit to personal jurisdiction in any Michigan state court, contract clauses purporting to limit or extend venue in the state courts are unenforceable as a matter of law. *See id.* at 311, 596 N.W.2d at 595 ("Since the Legislature declined to provide that parties may contractually agree to venue in advance, we decline to read into the statute a provision requiring enforcement of such agreements."). That may be true for actions filed in Michigan courts. However, federal courts construing forum selection clauses apply federal common law, not the state law of the state in which the federal court sits. *Wong v. Partygaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

Federal common law directs that forum selection clauses are to be interpreted by reference to ordinary contract principles. *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990). Such contract interpretation principles require that courts "first look to a contract's plain language." *Hobson v. Indian Harbor Ins. Co.*, 499 Mich. 941, 941-42, 879 N.W.2d 255 (2016) (quoting *Singer v. American States Ins.,* 245 Mich. App. 370, 381 n.8, 631 N.W.2d 34 (2001)). If that language is "clear," no other interpretive principles need be consulted. *Ibid.*

Courts often categorize forum selection clauses as either permissive or mandatory.  *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).  "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere.  A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Ibid.* (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999).

The forum clause in the sales agreement is unquestionably permissive.  It does not require the parties to litigate *exclusively* in a certain forum.  Instead, it merely states that one possible proper forum would be "any Michigan District or Circuit Court with venue in Ingham County, Michigan" The provision states that the parties "irrevocably submit to the jurisdiction" of such courts.  But "irrevocably" is not, as the defendant would have it, a synonym of "exclusively."  The ordinary meaning of the term "irrevocable" is "incapable of being recalled or revoked."  Merriam Webster's Unabridged Dictionary (2016).  "Exclusive" means "single" or "sole" or "excluding or inclined to exclude others." *Ibid.*  The plain language of the agreement, sensibly read, states that if a party chooses to file a case in a "Michigan District or Circuit Court with venue in Ingham County, Michigan," then no counter-party may challenge that forum as improper.  However, there are no words in the agreement that make that forum the *only* possible forum.

*Atlantic Marine* does not help Alpine's argument on this point.  The Court in that case did not hold that every forum selection clause must be read to exclude all other forums when it merely expresses the consent of the parties to prospective litigation in one court or category of courts.  The Court held that "when a plaintiff agrees by contract to bring suit *only* in a specified forum — presumably in exchange for other binding promises by the defendant — the plaintiff has effectively exercised its 'venue privilege' before a dispute arises [and] the plaintiff must bear the burden of

-6-

showing why the court should not transfer the case to *the* forum to which the parties agreed." *Atlantic Marine*, 134 S. Ct. at 582 (emphasis added).

The forum clause in the sales agreement does not *require* that the parties bring their lawsuits in Ingham County, Michigan; it only permits that they may do so. "[A]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)). The forum clause here does not contain "language of exclusion."

*Fourth*, for the same reasons, the forum clause does not consign the parties to litigating only in state court. Arguing otherwise, Alpine relies on this Court's decision in *Ingenium Technologies Corp. v. Beaver Aerospace & Defense, Inc.*, 122 F. Supp. 3d 683 (E.D. Mich. 2015). But the forum selection clause in that case, unlike the one here, stated that "the courts of Wayne County, State of Michigan, shall possess *exclusive* jurisdiction over any actions to enforce or construe this agreement." *Ingenium Technologies*, 122 F. Supp. 3d at 686 (emphasis added). The Court read that language to express a plain agreement by the parties "to limit the forum for adjudication of their disputes to the Michigan state courts located in Wayne County." *Id.* at 688. The Court held that the clause was not ambiguous because it limited jurisdiction to state courts in a single county, and it noted that every court of appeals to confront the same question had concluded that the word "of" in such a clause denotes a limitation to courts of a particular sovereignty and not merely geography (i.e., to state courts only and not federal). Here, the clause does not refer to courts "of" any region or sovereign, and it makes no mention of any "exclusive" commitment to adjudicate disputes in any particular place or category of courts.

-7-

The forum selection language in the sales agreement does not require the Court to dismiss or transfer this case.

### III.

In the sales agreement, the parties agreed that any "Michigan District or Circuit Court with venue in Ingham County, Michigan" is a proper venue for lawsuits "arising out of this Contract." But they did *not* agree that an Ingham County court is the *only* court that could resolve their disputes. The parties have fully briefed the issues raised in the motion, and oral argument is not necessary.

Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

It is further **ORDERED** that the hearing on the defendant's motion to transfer venue scheduled for November 17, 2016 is **CANCELLED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #8] is **DENIED**.

                              s/David M. Lawson
                              DAVID M. LAWSON
                              United States District Judge


Dated:   November 17, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2016.

                    s/Susan Pinkowski
                    SUSAN PINKOWSKI

---